Kevin G. McBride (Bar No. 195866)
kgmcbride@jonesday.com
Steven J. Corr (Bar No. 216243)
sjcorr@jonesday.com
JONES DAY
555 S. Flower Street, 50th Floor
Los Angeles, CA 90071
Telephone: (213) 489-3939
Facsimile: (213) 243-2539

David B. Cochran
    (admitted *pro hac vice*)
dbcochran@jonesday.com
Ryan B. McCrum
    (admitted *pro hac vice*)
rbmccrum@jonesday.com
JONES DAY
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212

Attorneys for Defendant Vizio, Inc.

Wayne W. Call (Bar No. 56676)
wcall@calljensen.com
Aaron L. Renfro (Bar No. 255086
arenfro@calljensen.com
CALL & JENSEN, a Professional Corp.
610 Newport Center Drive
Newport Beach, California 92660
Telephone: (949) 717-3000
Facsimile: (949) 717-3100

Bruce S. Sostek
    (admitted *pro hac vice*)
Bruce.Sostek@tklaw.com
Jane Politz Brandt
    (admitted *pro hac vice*)
Jane.Brandt@tklaw.com
THOMPSON & KNIGHT, LLP
1722 Routh Street, Suite 1500
Dallas, TX 75201
Telephone: (214) 969-1700
Facsimile: (243) 969-1751

Attorneys for Plaintiff LSI Corporation

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| LSI CORPORATION, dba LSI Logic Corporation,<br><br>        Plaintiff,<br><br>   v.<br><br>VIZIO, INC.,<br><br>        Defendant. | Case No. SACV10-01602 AG (AJWx)<br><br>**PROTECTIVE ORDER**<br><br>**[DISCOVERY MATTER]**<br><br>**Judge: Hon. Andrew J. Wistrich**<br><br>**Trial Date: October 23, 2012** |

## PROTECTIVE ORDER

To expedite the flow of discovery material, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that only materials the parties are entitled to keep confidential are subject to such treatment, and to ensure that the parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial in the above-captioned case, it is hereby **ORDERED THAT**:

**I. Definitions**

1. "Party" or "Parties": any party to this action or a subsidiary thereof, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2. "Material": all information, documents, testimony, and things produced, served or otherwise provided in this action by the Parties or by non-parties.

3. "Designating Party": a Party or non-party that designates information, documents, or things for production in disclosures, or in responses to discovery as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

4. "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" Material: information, documents, and things the Designating Party has good cause to believe is not generally known to others, and which the Designating Party (i) would not normally reveal to third parties except in confidence, or has undertaken with others to maintain in confidence, or (ii) has good cause to believe is protected by a right to privacy under federal or state law, or any other applicable privilege or right related to confidentiality or privacy.

LAI-3141089v1

5. "HIGHLY CONFIDENTIAL – SOURCE CODE": Software code that is designed to be compiled or assembled into object code form for execution on a computer (collectively, "SOURCE CODE") that the Designating Party has good cause to believe is not generally known to others, and has significant competitive value such that unrestricted disclosure to others would create a substantial risk of serious injury, and which the Designating Party (i) has good cause to not normally reveal to third parties except in confidence, or has undertaken with others to maintain in confidence, or (ii) has good cause to believe is significantly sensitive and protected by a right to privacy under federal or state law, or any other applicable privilege or right related to confidentiality or privacy. The Parties agree that the following file types and file extensions will be considered to fall within the definition of "HIGHLY CONFIDENTIAL – SOURCE CODE" material: .ccp, .sh, makfile, .rom, .lst, .asm, .h, .c, .h51, .c51, .hex, .mif, and .gds.

6. "Producing Party": a Party or non-party that produces Material in this action.

7. "Receiving Party": a Party that receives Material from a Producing Party.

8. "Designated Material": Material that is designated "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY", or "HIGHLY CONFIDENTIAL – SOURCE CODE" under this Order.

9. "Counsel of Record": (i) outside counsel who appears on the pleadings as counsel for a Party, (ii) partners, principals, associates, and employees of such outside counsel to whom it is reasonably necessary to disclose the information for this litigation, including supporting personnel employed by the attorneys, such as paralegals, legal

1 translators, legal secretaries, legal clerks and shorthand reporters,
2 and/or (iii) independent legal translators retained to translate in
3 connection with this action, or independent shorthand reporters
4 retained to record and transcribe testimony in connection with this
5 action.

6 10. "Outside Consultant": a person with specialized knowledge or
7 experience in a matter pertinent to the litigation who has been retained
8 by Counsel of Record to serve as an expert witness, or as a consultant
9 in this action, and who is not a current employee of a Party or of a
10 competitor of a Party and who, at the time of retention, is not
11 anticipated to become an employee of a Party or of a competitor of a
12 Party.

13 11. "Professional Vendors": persons or entities that provide litigation
14 support services (e.g., photocopying; videotaping; translating;
15 designing and preparing exhibits, graphics, or demonstrations;
16 organizing, storing, retrieving data in any form or medium; etc.) and
17 their employees and subcontractors who have been retained by
18 Counsel of Record in this action, and who are not current employees of
19 a Party or of a competitor of a Party and who, at the time of retention,
20 are not anticipated to become employees of a Party or of a competitor
21 of a Party. This definition includes professional jury or trial
22 consultants retained in connection with this litigation, and mock jurors
23 retained by such consultants to assist them in their work. Professional
24 vendors do not include consultants who fall within the definition of
25 Outside Consultant.

**II. Categories of Documents Not Subject To This Protective Order**

27 12. None of the provisions of this Protective Order apply to document or
28 information which is generally known to or accessible by members of

the public. For example, documents and information not covered by this Protective Order include: a) any information that at the time of disclosure to a Receiving Party is in the public domain, b) any information that after disclosure to the Receiving Party becomes part of the public domain through no unauthorized act, or failure to act, on behalf of the Receiving Party, its Counsel of Record, Outside Consultants, Professional Vendors or representatives; c) any information that a Receiving Party can show was received by it, whether before or after the disclosure, from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party, and/or d) any information that a Receiving Party can show was independently developed by it after the time of disclosure by personnel who have not had access to the Producing Party's Materials. Such information may include, but is not limited to, any publicly available patent application materials or related filings; publicly filed financial disclosures; information available on the Internet without use of a password or other security protection; information previously included in press releases or other marketing activities; information and documents normally distributed to the public, or publicly filed court documents.

**III.  Scope**

13.    The protections conferred by this Order are limited to those within the scope of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Central District of California ("Local Rules"). Unless otherwise ordered by the Court, the dispute resolution procedures described below shall be carried out pursuant to Local Rule 37.

14. The protections conferred by this Order cover not only Designated Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof. Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, or the Court's deadlines provided in the Scheduling Order or any other Order. Identification of any individual pursuant to this Protective Order does not make that individual available for deposition, or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Central District of California, and the Court's deadlines provided in the Scheduling Order.

## IV. Access to Designated Material

15. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information, documents or things designated "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" and "HIGHLY CONFIDENTIAL – SOURCE CODE" only to the following, in addition to those identified in Paragraphs 33 and 34 below regarding use of Designated Material at depositions:

   a) Persons who appear on the face of Designated Material as an author, addressee or recipient thereof;

   b) Counsel of Record as defined in Section I. 9.;

   c) Outside Consultants of the Receiving Party to whom disclosure is reasonably necessary for this litigation, and who have signed the "Acknowledgement and Agreement To Be Bound By Protective Order" attached hereto as Exhibit A, and the "Certification Of Consultant" attached hereto as Exhibit B;

d)     The Court and its personnel;

e)     Any designated arbitrator or mediator who is assigned to hear this matter, or who has been selected by the Parties, and his or her staffs, who have signed the "Acknowledgement and Agreement To Be Bound By Protective Order" attached hereto as Exhibit A, and the "Certification Of Consultant" attached hereto as Exhibit B;

f)     Court reporters and videographers employed in connection with this case; and

g)     Professional Vendors to whom disclosure is reasonably necessary for this litigation, and a representative of which has signed the "Acknowledgement and Agreement To Be Bound By Protective Order" attached hereto as Exhibit A.

16.     Each person to whom Designated Material may be disclosed, and who is required to sign the "Acknowledgement and Agreement To Be Bound By Protective Order" attached hereto as Exhibit A and, if applicable, the "Certification Of Consultant" attached hereto as Exhibit B, shall do so, prior to the time such Designated Material is disclosed to him or her. Counsel for a Party who makes any disclosure of Designated Material shall retain each original executed certificate and, upon written request, shall provide copies to counsel to all other Parties at the termination of this action.

17.     At the request of the Designating Party, persons not permitted access to Designated Material under the terms of this Protective Order shall not be present at depositions while the Designating Party's Designated Material is discussed or otherwise disclosed. Any Party intending to disclose or discuss Designated Material at pretrial or trial proceedings

1    must give advance notice to assure the implementation of the terms of

2    this Protective Order.

**V.** 3    **Access By Outside Consultants**

4    18.    **Notice.**    If a Receiving Party wishes to disclose another Party's

5    Designated Material to any Outside Consultant, such Receiving Party

6    must provide notice to counsel for the Designating Party, which notice

7    shall include: (a) the individual's name and business title; (b) business

8    address; (c) business or profession; (d) the individual's CV; (e) any

9    previous or current relationship (personal or professional) with any of

10    the parties; (f) a list of other cases in which the individual has testified

11    (at trial or deposition) within the last four years; (g) a list of all

12    companies with which the individual has consulted or by which the

13    individual has been employed within the last four years; and (h) a

14    signed copy of the "Acknowledgement and Agreement To Be Bound

15    By Protective Order" attached as Exhibit A, and the "Certification Of

16    Consultant" attached hereto as Exhibit B.  To the extent that any of the

17    employment or consultation arrangements under 18 (g), above, cannot

18    be provided due to confidentiality obligations, the Party seeking to

19    make the disclosure to the consultant or expert shall first establish that

20    the confidentiality obligations to which the expert or consultant was

21    subject continue to be in force and effect and insisted upon by the

22    person or entity with whom the agreement was made and, if so, then

23    identify, to the extent possible without violating any confidentiality

24    obligations, (i) the industry in which the relationship(s) took place, (ii)

25    the general technology involved, (iii) the dates of the relationship(s),

26    and (iv) a statement of whether the relationship(s) was with a

27    competitor of any of the Parties, such that the producing Parties can

28    reasonably assess any concerns raised by the disclosure of confidential

information to such consultant or expert. No Party will seek discovery from a non-testifying Outside Consultant disclosed under this Order simply because they have been disclosed under this Order without an Order of this Court based on a finding of good cause.

19. **Objections.** The Designating Party shall have seven (7) business days from receipt of the notice specified in Paragraph 18 to object in writing to such disclosure (plus three (3) extra days if notice is given other than by hand delivery, e-mail transmission or facsimile transmission). Any such objection must set forth in detail the grounds on which it is based. After the expiration of the 7-day (plus 3-days, if appropriate) period, if no objection has been asserted, then Designated Material may be disclosed to the Outside Consultant pursuant to the terms of this Order. However, if the Designating Party objects within the 7-day (plus 3-days, if appropriate) period, the Receiving Party may not disclose Designated Material to the challenged individual absent resolution of the dispute pursuant to Local Rule 37 or Court Order. In the event the Designating Party makes a timely objection, the parties shall promptly meet and confer pursuant to Local Rule 37 to try to resolve the matter by agreement. If the parties cannot reach an agreement, pursuant to Local Rule 37 the Objecting Party may, within five (5) business days following the meet and confer, file a motion for a protective order preventing disclosure of Designated Material to the Outside Consultant, or for other appropriate relief. If the objecting party fails to file a motion for protective order within the prescribed period, any objection to the Outside Consultant is waived, and Designated Material may thereafter be disclosed to such individual (upon signing the "Acknowledgement and Agreement To Be Bound By Protective Order" attached hereto as Exhibit A). If the Objecting

party files pursuant to Local Rule 37 a timely motion for a protective order, Designated Material shall not be disclosed to the challenged individual until and unless a final ruling allowing such disclosure is made by this Court, or by the consent of the Objecting party, whichever occurs first.

## VI. Production of "HIGHLY CONFIDENTIAL – SOURCE CODE" Material

20.     If a Party is required to produce SOURCE CODE, it must do so in electronically searchable form and under the terms of this Section. The Producing Party shall produce SOURCE CODE on a stand-alone computer or hard drive that contain appropriate software for accessing and reviewing the SOURCE CODE if that software is possessed by the Producing Party.  All data on any stand-alone computer or hard drive, including all SOURCE CODE, shall be protected by confidential passwords or codes and, at the option of the Producing Party, may be encrypted.   In addition to the SOURCE CODE, a stand-alone computer or hard drive shall contain the software used to develop the SOURCE CODE, if that software is possessed by the Producing Party and is not subject to restrictions regarding its use that would preclude the Producing Party from providing copies.

21.     If the Receiving Party wants to use other software to access or review the SOURCE CODE, it must notify the Producing Party of the specific software to be used before installing such software on the stand-alone computer or hard drive, or using such software to access or review the SOURCE CODE.  Within twenty-four (24) hours of receiving notice from Receiving Party, Producing Party will provide Receiving Party with the appropriate key or password to enable Receiving Party to install such software on the stand-alone computer or hard drive, or to

use such software to access or review the SOURCE CODE. Unless otherwise agreed to in writing by the Producing Party, and such agreement shall not be unreasonably withheld, the Receiving Party is not permitted to use any other software to access or review the SOURCE CODE, or install or run any other software on any stand-alone computer or hard drive. Any stand-alone computer or hard drive containing the SOURCE CODE shall be maintained by the Receiving Party's Counsel of Record under lock and key at its offices. While the SOURCE CODE is maintained on the stand-alone computer or hard drive, it will be handled in accordance with the "HIGHLY CONFIDENTIAL – SOURCE CODE" designation.

22. No electronic copies of the SOURCE CODE will be permitted. If the Receiving Party wishes to make a paper copy of certain limited portions of the SOURCE CODE, such as routines or sub-routines for example, only two (2) paper copies of those limited portions will be allowed on watermarked paper. A log shall be maintained of any selected portions printed out to paper. The log will be provided to the Producing Party upon request. The Receiving Party will not be allowed to print any wholesale or unnecessarily large portions of the SOURCE CODE from the stand-alone computer or hard drive.

23. A Receiving Party may request a Producing Party to provide up to three (3) additional electronic copies of SOURCE CODE that may be kept at other offices of the Receiving Party's Counsel of Record under the same restrictions described above. Any such electronic copies may be maintained only at the offices of the Receiving Party's Counsel of Record. The Receiving Party shall maintain a log indicating, at all times, the location of each stand-alone computer or hard drive containing SOURCE CODE.

24. Access to a stand-alone computer or hard drive must be controlled by the use of confidential passwords or codes. At the option of the Producing Party, data on any stand-alone computer or hard drive may be encrypted. A hard drive containing the SOURCE CODE may be connected only to a stand-alone computer. A stand-alone computer (as referenced in Section VI) shall not be connected to a network, the Internet or any peripheral device, except a stand-alone printer or a hard drive provided by the Producing Party. A stand-alone computer shall not have the ability to electronically transmit information therefrom, including, without limitation, via a Local Area Network or Internet connection, wireless connection, a modem, or any other port or device capable of electronic transmission. All input/output ports on a stand-alone computer shall be disabled, except for a printer port and any port necessary to attach a hard drive provided by the Producing Party. Access to a stand-alone computer must be further controlled by the use of confidential passwords or codes in order to log onto the stand-alone computer.

25. The Producing Party will produce the relevant SOURCE CODE in its entirety (*i.e.*, all code necessary for compilation), but need not produce it in executable format absent a specific request from the Receiving Party, which a Receiving Party will only make when necessary.

26. If the Receiving Party prints a paper copy of any SOURCE CODE designated as "HIGHLY CONFIDENTIAL – SOURCE CODE", such paper copy must always be kept under lock and key at the office of the Receiving Party's Outside Counsel of Record or other agreed upon location. Paper copies of SOURCE CODE designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall include Bates number and confidentiality labels when printed.

## VII. Use Of Designated Material

27. **Use Of Designated Material By Receiving Party.** Unless otherwise ordered by the Court, or agreed to in writing by the Parties, all Designated Material, and all information derived therefrom, shall be used by the Receiving Party only for purposes of this litigation, and shall not be used in any other way, or for any other purpose. Information contained or reflected in Designated Materials shall not be disclosed in conversations, presentations by parties or counsel, in court or in other settings that might reveal Designated Material, except in accordance with the terms of this Order.

28. **Use Of Designated Material By Designating Party.** Nothing in this Order shall limit any Designating Party's use of its own documents and information, nor shall it prevent the Designating Party from disclosing its own confidential information, documents or things to any person. Such disclosure shall not affect any designations made pursuant to the terms of this Order, so long as the disclosure is made in a manner that is reasonably calculated to maintain the confidentiality of the information.

29. **Use of Designated Material at Depositions.** Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and trial, and may testify concerning all Designated Material of which such person has prior knowledge, without in any way limiting the generality of the following:

    a) A present director, officer, employee, designated Rule 30(6)(b) witness, and/or Outside Consultant of a Producing Party may be examined, and may testify concerning all Designated Material which has been produced by that party;

b)   A former director, officer, agent and/or employee of a Producing Party may be interviewed, examined and may testify concerning all Designated Material of which he or she has prior knowledge, including any Designated Material that refers to matters of which the witness has personal knowledge, which has been produced by that Party and which pertains to the period or periods of his or her employment; and

c)   Non-parties may be examined or testify concerning any document containing Designated Material of a Producing Party which appears on its face, or from other documents or testimony, to have been received from, or communicated to, the non-party as a result of any contact or relationship with the Producing Party, or a representative of such Producing Party. Any person other than the witness, his or her attorney(s), and any person qualified to receive Designated Material under this Order, shall be excluded from the portion of the examination concerning such information, unless the Producing Party consents to persons other than qualified recipients being present at the examination. If the witness is represented by an attorney who is not qualified under this Order to receive such information, then prior to the examination, the attorney shall be requested to sign the "Acknowledgement and Agreement To Be Bound By Protective Order" attached as Exhibit A. In the event that such attorney declines to sign the "Acknowledgement and Agreement To Be Bound By Protective Order" prior to the examination, the parties, by their attorneys, shall jointly seek a protective order from the Court prohibiting such attorney from disclosing such Designated Material.

30. A witness who previously had access to a document designated "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE," but who is not under a present non-disclosure agreement with the Producing Party that covers that document, may be shown the document if the witness is advised on the record of the existence of the Protective Order and that the protective order requires the parties to keep confidential any questions, testimony or documents that are designated as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY", or "HIGHLY CONFIDENTIAL – SOURCE CODE". The witnesses may not copy, take notes on or retain copies of any Designated Material used or reviewed at the deposition. The witness may not take out of the deposition room any exhibit that is marked "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY", or "HIGHLY CONFIDENTIAL – SOURCE CODE". The Producing Party of any Designated Material used at the deposition may also require that the transcript and exhibits not be copied by the witness or his counsel and that no notes may be made of the transcript or the exhibits. The restrictions in this paragraph apply only to a witness who is not subject to this Order.

## VIII. Procedure for Designating Materials

31. Except as provided above in Section VI with respect to "HIGHLY CONFIDENTIAL – SOURCE CODE" Material, any material (including physical objects) made available for initial inspection by counsel for the Receiving Party prior to producing copies of selected items shall initially be considered, as a whole, to constitute "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" information, and shall be subject to this Order. Thereafter, the

1  Producing Party shall have ten (10) calendar days from the inspection
2  to review and designate the appropriate documents as
3  "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" prior
4  to furnishing copies to the Receiving Party.

5  32.  Except as otherwise provided in this Order or as otherwise stipulated
6  or ordered, Material that qualifies for protection under this Order must
7  be designated in accordance with this Section before the Material is
8  disclosed or produced.

9  33.  Designation in conformity with this Order requires:

10  a)  For information in documentary form (apart from transcripts of
11  depositions, or other pretrial or trial proceedings), the Producing
12  Party shall affix the legend "CONFIDENTIAL – OUTSIDE
13  ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL
14  – SOURCE CODE" on each page that contains Designated
15  Material;

16  b)  For testimony given in deposition, or in other pretrial or trial
17  proceedings, the Designating Party shall specify any portions of
18  the testimony that it wishes to designate as "CONFIDENTIAL –
19  OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY
20  CONFIDENTIAL – SOURCE CODE."  In the case of
21  depositions, the Designating Party may also designate any
22  portion of a deposition transcript as "CONFIDENTIAL –
23  OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY
24  CONFIDENTIAL – SOURCE CODE," by informing the
25  reporter, and opposing Parties, in writing within thirty (30)
26  calendar days of receipt of the deposition of the designations to
27  be applied.  All deposition transcripts not marked at least
28  "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY"

during the deposition will nonetheless be treated as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" until the thirty (30) day period has expired. Transcript pages containing Designated Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE", as instructed by the Designating Party; and

c) For information produced in some form other than documentary, and for any other tangible items, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or thing is stored the legend "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

## IX. No Waiver of Privilege

34. Inspection or production of documents (including physical objects) shall not constitute a waiver in any Federal or State proceeding of the attorney-client privilege, work product immunity, or any other applicable privilege or immunity. After the Producing Party becomes aware of any inadvertent or unintentional disclosure, the Producing Party may designate any such documents as within the attorney-client privilege, work product immunity or any other applicable privilege or immunity, and request in writing return of such documents to the Producing Party. The inadvertent or unintentional disclosure shall not operate as a waiver in a Federal of State proceeding whether or not the holder or the privilege or immunity took reasonable steps to prevent the disclosure or promptly took reasonable steps to rectify the error in accordance with Federal Rule of Evidence 502(b). Upon request by

the Producing Party, the Receiving Party shall immediately retrieve and return all copies of such inadvertently produced document(s). Nothing herein shall prevent the Receiving Party from challenging the propriety of the attorney-client privilege, work product immunity or other applicable privilege or immunity designation by submitting a written challenge to the Court.

## X. Inadvertent Failure To Designate

35. An inadvertent failure to designate qualified information, documents or things as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY", or "HIGHLY CONFIDENTIAL – SOURCE CODE," does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon discovery of an inadvertent failure to designate, a Producing Party may notify the Receiving Party in writing that the material is to be designated as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE." Upon receipt of such notice, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the terms of this Order, subject to the right to challenge the propriety of such designation(s). The Producing Party shall provide substitute copies of documents bearing the confidentiality designation.

## XI. Filing Designated Material

36. Any document filed with the Court that reveals any Designated Material shall be done in accordance with Local Rule 79-5.1 In the event the court denies the request to file said Designated Material under seal, the parties shall continue to treat the Designated Material in all other respects as Designated Material governed under this Order.

The provisions of this paragraph are limited to documents filed with the Court prior to this case proceeding to trial.

## XIII. Challenges to Confidentiality Designations

37. The Parties will use reasonable care when designating documents, things, or information as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE." Nothing in this Order shall prevent a Receiving Party from contending that any or all documents, things, or information designated as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" Material or "HIGHLY CONFIDENTIAL – SOURCE CODE" Material have been improperly designated. A Receiving Party may, at any time, request that the Producing Party cancel or modify the confidentiality designation with respect to any document, thing, or information contained therein.

38. A Party shall not be obligated to challenge the propriety of a "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" designation at the time made, and the failure to do so shall not preclude a subsequent challenge thereto. Such a challenge shall be written, shall be served on counsel for the Producing Party, and shall identify particularly the document, thing, or information that the Receiving Party contends should be differently designated. If such negotiation fails to resolve the dispute within five (5) days of receipt of the written notice, the procedure for obtaining a decision from the Court is that set forth in Local Rule 37. If the parties wish to file a Joint Stipulation, required by Local Rule 37, under seal, the parties may file a stipulation to that effect or the moving party may file an ex parte application making the appropriate request. The parties must set forth good cause in the

1    stipulation or ex parte application as to why the Joint Stipulation or

2    portions thereof should be filed under seal.  The document, thing, or

3    information shall remain as designated until the Court has ruled upon

4    the motion or the parties have agreed otherwise.  Any order requiring

5    disclosure shall be drawn as narrowly as possible to protect the

6    interests of all parties concerned.

**XIII.    Protected Material Subpoenaed or Ordered Produced In Other**

8    **Litigation**

9    39.    If a Receiving Party is served with a subpoena or a court order that

10    would compel disclosure of any information, documents or things

11    designated in this action as "CONFIDENTIAL – OUTSIDE

12    ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL –

13    SOURCE CODE", the Receiving Party must so notify the Designating

14    Party, in writing (by fax and email) promptly, and in no event more

15    than five (5) calendar days after receiving the subpoena or order. Such

16    notification must include a copy of the subpoena or order.   The

17    Receiving Party also must immediately inform, in writing, the party

18    who caused the subpoena or order to issue that some or all of the

19    material covered by the subpoena or order is subject to this Protective

20    Order.   In addition, the Receiving Party must deliver a copy of this

21    Protective Order promptly to the party in the other action that caused

22    the subpoena or order to issue.  The purpose of imposing these duties

23    is to alert the interested parties to the existence of this Protective Order

24    and to afford the Designating Party in this case an opportunity to try to

25    protect its confidentiality interests in the court from which the

26    subpoena or order issued.   The Designating Party shall bear the

27    burdens and the expenses of seeking protection in that court of its

28    Designated Material.  Nothing in these provisions should be construed

as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## XIV. Unauthorized Disclosure Of Designated Material

40. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Designated Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Designated Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## XV. Non-Party Use of this Protective Order

41. A non-party that produces Material voluntarily, or pursuant to a subpoena or a court order, may designate such Material in the same manner, and shall receive the same level of protection under this Protective Order, as any Party to this lawsuit.

42. A non-party's use of this Protective Order to protect its "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" Material or "HIGHLY CONFIDENTIAL – SOURCE CODE" Material does not entitle that non-party access to "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" Material or "HIGHLY CONFIDENTIAL – SOURCE CODE" Material produced by any Party in this case.

## XVI. Duration

43. Even after the termination of this action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

44. This Protective Order shall not apply to the introduction of evidence at trial. Designated Materials not introduced as evidence at trial shall maintain such protections and designations after commencement of any trial in this matter. With respect to designated Materials introduced as evidence at trial, either party may seek appropriate court orders concerning the handling at trial of such materials.

## XVIII. Final Disposition

45. Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) calendar days after the final termination of this action, each Receiving Party must destroy or return all Designated Material to the Producing Party. As used in this Paragraph, "all Designated Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Designated Material. The Receiving Party must submit a written confirmation of the return or destruction to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline. Notwithstanding this provision, Counsel of Record may retain an archival copy of all pleadings, motion papers, deposition transcripts (including exhibits), transcripts of other proceedings (including exhibits), expert reports (including exhibits), discovery requests and responses (including exhibits), exhibits offered or introduced into evidence at trial, legal memoranda, correspondence or attorney work product, even if such materials contain Designated Material. Any such archival copies that contain or constitute Designated Material remain subject to this Protective Order as set forth in Section XVII (Duration), above. Notwithstanding the provisions of paragraphs 34, 35, 40, and 45 of this Order, outside counsel of record may retain inaccessible copies of Designated Material, defined as electronic copies created

through the routine operation of the recipient(s)' standard archival and backup procedures, which cannot be readily accessible and as a result do not need to be returned or destroyed.

## XVIII. Miscellaneous

46. The Parties agree that draft reports, draft declarations, draft affidavits, or notes taken by experts or prepared by Outside Consultants will not be subject to discovery. The Parties also agree that all communications (including e-mail communications) between the Parties' Outside Consultants and in-house counsel or Counsel of Record as well as documents relating to such communications, except for documents, information, and things included in or attached to such communications that are directly relied upon by the testifying Outside Consultant in his or her expert report, will not be subject to discovery. Only the final expert report served on an opposing Party and the materials the Outside Consultant relied upon during preparation of the report are discoverable. The Parties will identify and produce copies of any documents "considered by the witness in forming the opinion" as required by Fed. R. Civ. P. 26(a)(2)(B).

47. Any of the notice requirements herein may be waived, in whole or in part, but only by a writing signed by the Counsel of Record for the Party against whom such waiver will be effective.

48. This Order is entered without prejudice to the right of any Party to apply to the Court at any time for modification of this Order, when convenience or necessity requires. Nothing in this Order abridges the right of any person to seek to assert other objections. No Party waives any right it otherwise would have to object to disclosing or producing any information, documents, or things on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on

1    any ground to the use in evidence of any of the material covered by
2    this Protective Order. The Court shall take appropriate measures to
3    protect Designated Material at trial and any hearing in this case.

4    49.    This Order shall not diminish any existing obligation or right with
5    respect to Designated Material, nor shall it prevent a disclosure to
6    which the Designating Party consents in writing before the disclosure
7    takes place.

8    50.    The United States District Court for the Central District of California
9    is responsible for the interpretation and enforcement of this Protective
10   Order.    All disputes concerning Designated Material under the
11   protection of this Protective Order shall be resolved by the United
12   States District Court for the Central District of California.  This Court
13   retains jurisdiction even after the termination of this action to enforce
14   this Protective Order and to amend this Protective Order as the Court
15   deems appropriate.

16   IT IS SO ORDERED.

17

Dated:  __6/23/2011
_____
Hon. Andrew J. Wistrich
United States District Judge

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

**BY PROTECTIVE ORDER**

I, _____ [print or type full name], state:

1.   I reside at _____;

2.   My present employer is _____;

3.   My present occupation or job description is _____;

4.   I agree to keep confidential all information provided to me in the matter of LSI Corporation v. Vizio, Inc., Case No. SACV10-01602 AG (AJWx) in the United States District Court for the Central District of California, and to be subject to the authority of that Court in the event of any violation or dispute related to this agreement.

5.   I have been informed of and have reviewed the Protective Order entered in this case, and I will not divulge any information, documents or things that are subject to the Protective Order except in accordance with the provisions of the Order;

6.   I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____

_____
[printed name]

_____
[signature]

LAI-3141089v1

**EXHIBIT B**

**CERTIFICATION OF CONSULTANT**

I, _____ [print or type full name], of _____ am not an employee of the Party who retained me, or of a competitor of the opposing Party.  If at any time after I execute this Certificate of Consultant and during the pendency of the Action I become an employee of a competitor of the opposing Party, I will promptly inform the counsel for the party who retained me in the Action, and I will not thereafter review any Designated Materials marked by the opposing Party as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" unless and until the Parties agree or the Court orders otherwise.

I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Executed on _____


_____
[printed name]


_____
[signature]